STATE OF VERMONT

| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 78-7-19 Vtec |
|---|---|
| Demars Prop LLC 275 Brooklyn St. | DECISION ON THE MERITS |

Robert Pierce Reid and John Rodriquez (together, Appellants) appeal a site plan approval issued by the Morristown/Morrisville Development Review Board (DRB) to the Vermont Foundation of Recovery (VFOR) to house six unrelated individuals in an existing residential apartment (the Project). The apartment is owned by Demars Properties, LLC and located at 360 Maple Street in Morristown, Vermont.

Appellants represent themselves in this matter. Applicant VFOR is represented by Christopher J. Nordle, Esq. Also participating as an interested person, and representing herself, is Reverend Barbara Miller.

In a pre-trial decision we dismissed appellant's questions 2–4 leaving the following sole question for trial:

> Does a household of 6 unrelated individuals living together for recovery purposes, with a shared kitchen and living room facility, constitute a "Family" as defined by § 910 of the Zoning and Subdivision Bylaws for Morrisville/Morristown (Bylaws)?

We held a trial on February 20, 2020 at Costello Courthouse in Burlington, Vermont. We did not perform a site visit. Based upon the evidence presented at trial the Court issues the following Findings of Fact and Conclusions of Law. A Judgment Order accompanies this Merits Decision.

**Findings of Fact**

1. The Vermont Foundation of Recovery (VFOR) proposes to use an existing residential apartment located at 360 Maple Street, Morrisville, Vermont owned by Demars Properties, LLC (Property) to house up to 6 unrelated tenants in recovery from Substance Use Disorder.
2. The Property is an existing multi-unit residential structure. The subject unit has 3 bedrooms, 2 full baths, 1 half bath, and 1 kitchen.
3. VFOR does not propose any physical alterations to the Property. VFOR intends to use the Property for residential purposes.

4. Potential tenants of VFOR voluntarily seek housing.
5. Tenants make small weekly payments to reside at the Property.
6. VFOR seeks the proposed use for safe supportive recovery from Substance Use Disorder.
7. VFOR tenants stay for a minimum of 3 months.
8. VFOR tenants share household chores at the Property. They also share common space and use of appliances.
9. VFOR tenants share food preparation duties and costs for food and supplies.
10. The proposed use includes peer to peer support.
11. There are 3 bedrooms in the subject unit and each room is shared by two tenants. Thus, the maximum occupancy of the unit is 6 residents.
12. VFOR follows program advice and practices of the National Alliance of Recovery. These are national standards which can be adopted by states.
13. The proposed use is a social model of people living together for support.
14. VFOR provides no treatment or services.
15. VFOR staff are on-site from 8 to 10 hours per week. Staff have minimum interaction with tenants. VFOR interactions are limited to ensuring chores are completed and to check on the condition of the Property. Staff provide tenants with guidance on daily life in a similar way to parents or mentors.
16. There is no state level licensing required for the proposed use.
17. John Rodriguez lives adjacent to the Property.
18. The neighborhood is quiet, friendly, and safe.
19. Mr. Rodriguez observes a lot people coming and going to the property.
20. Reverend Barbara Miller lived in the subject unit with two grandchildren prior to VFOR's use.
21. The nearest grocery store is about 3 miles away from the property.
22. VFOR rules do not allow alcohol or marijuana at the Property and residents are held accountable.

## Conclusions of Law

VFOR seeks a Zoning Permit to use an existing residential apartment located at 360 Maple Street, Morrisville, Vermont owned by Demars Properties, LLC (Property) to house up to 6 unrelated tenants in recovery from Substance Use Disorder. The Property is an existing multi-unit residential structure. The subject unit has 3 bedrooms, 2 full baths, 1 half bath, and 1 kitchen. VFOR does not propose any physical alterations to the Property.

The sole question before the Court is whether the proposed use qualifies as an allowed residential use of the existing structure. Specifically at issue is whether the proposed use complies with the Bylaws' definition of "family." The Morristown / Morrisville Zoning and Subdivision Bylaws, effective September 2018, define "family" as follows.

> **Family** - Other than a Group Home per 24 VSA Section 4412.1g, a Family shall be defined as a "functional family unit" (regardless of household size) where all common spaces, appliances, food preparation and costs are shared, or a group of not more than four unrelated persons living

together where all common spaces, appliances, food preparation or costs are NOT shared.

Morristown/Morrisville Zoning and Subdivision Bylaws § 910. As established by the above findings of fact, VFOR tenants share household chores at the Property. They also share common space and use of appliances. VFOR tenants share food preparation duties and costs for food and supplies. Based on these facts we conclude that VFOR's proposed use complies with the Bylaw's definition of Family.

While neighboring Appellants' concerns relating to the proposed use are reasonable and understandable, they are factors that are not addressed by Bylaw, and therefore, they are factors that cannot be considered when evaluating the application for a zoning permit.

We conclude that housing up to 6 unrelated tenants in recovery from Substance Use Disorder where common spaces, appliances, food preparation and costs are shared satisfies the Bylaw's definition of family. Thus, we **AFFIRM** Zoning Permit number 2019-058, issued by the Town of Morristown on June 26, 2019.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Electronically signed on March 10, 2020 at 11:52 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division